CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
NATALIA MARQUEZ CABRERA and
RIGOBERTO GALO MANUELES,
*individually and on behalf of others similarly*
*situated,*

**COMPLAINT**

*Plaintiffs,*

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

-against-

**ECF Case**

JJ ARADHANA INC. (D/B/A GREEK
VILLAGE RESTAURANT), SOHAN LAL
(a/k/a SONY), and NICHOLAS C. TSAPELIS
(a/k/a NICK),

*Defendants.*
-------------------------------------------------------X

Plaintiffs Natalia Marquez Cabrera and Rigoberto Galo Manueles, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, CSM Legal, P.C., upon their knowledge and belief, and as against JJ ARADHANA INC. (d/b/a Greek Village Restaurant), ("Defendant Corporation"), Sohan Lal (a/k/a Sony), and Nicholas C. Tsapelis (a/k/a Nick), ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

**NATURE OF ACTION**

1.      Plaintiffs are former employees of Defendants JJ ARADHANA INC. (d/b/a Greek Village Restaurant), Sohan Lal (a/k/a Sony), and Nicholas C. Tsapelis (a/k/a Nick).

2.      Defendants own, operate, or control a Greek Restaurant, located at 44 Veterans Memorial Hwy, Commack, New York 11725 under the name "Greek Village Restaurant".

3. Upon information and belief, individual Defendants Sohan Lal (a/k/a Sony) and Nicholas C. Tsapelis (a/k/a Nick), serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4. Plaintiffs were employed as dishwashers, cooks, busboys, and laborers to perform cleaning services, at the restaurant located at 44 Veterans Memorial Hwy, Commack, New York 11725.

5. At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

8. Furthermore, Defendants failed to pay Plaintiffs wages on a timely basis.

9. Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

10. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

14.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Greek Restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

### *Plaintiffs*

15.     Plaintiff Natalia Marquez Cabrera ("Plaintiff Marquez" or "Ms. Marquez") is an adult individual residing in Suffolk County, New York.

16.     Plaintiff Marquez was employed by Defendants at Greek Village Restaurant from approximately November 27, 2018 until on or about November 6, 2021.

17.     Plaintiff Rigoberto Galo Manueles ("Plaintiff Galo" or "Mr. Galo") is an adult individual residing in Suffolk County, New York.

18.     Plaintiff Galo was employed by Defendants at Greek Village Restaurant from approximately 2015 until on or about November 6, 2021.

*Defendants*

19.     At all relevant times, Defendants owned, operated, or controlled a Greek Restaurant, located at 44 Veterans Memorial Hwy, Commack, New York 11725 under the name "Greek Village Restaurant".

20.     Upon information and belief, JJ ARADHANA INC. (d/b/a Greek Village Restaurant) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 44 Veterans Memorial Hwy, Commack, New York 11725.

21.     Defendant Sohan Lal (a/k/a Sony) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Sohan Lal (a/k/a Sony) is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Sohan Lal (a/k/a Sony) possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22.     Defendant Nicholas C. Tsapelis (a/k/a Nick) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Nicholas C. Tsapelis (a/k/a Nick) is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Nicholas C. Tsapelis (a/k/a Nick) possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

23.     Defendants operate a Greek Restaurant located in a neighborhood in Suffolk County.

24.     Individual Defendants, Sohan Lal (a/k/a Sony) and Nicholas C. Tsapelis (a/k/a Nick), possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

25.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

26.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

27.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

28.    In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

29.    Upon information and belief, Individual Defendants Sohan Lal (a/k/a Sony) and Nicholas C. Tsapelis (a/k/a Nick) operate Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of their own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

30.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled

the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

31.     In each year from 2015 to 2021, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

32.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

33.     Plaintiffs are former employees of Defendants who were employed as dishwashers, cooks, busboys, and laborers to perform cleaning services.

34.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Natalia Marquez Cabrera*

35.     Plaintiff Marquez was employed by Defendants from approximately November 27, 2018 until on or about November 6, 2021.

36.     Defendants employed Plaintiff Marquez as a dishwasher, food preparer, and busboy.

37.     Plaintiff Marquez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

38.     Plaintiff Marquez's work duties required neither discretion nor independent judgment.

39.     Throughout her employment with Defendants, Plaintiff Marquez regularly worked in excess of 40 hours per week.

40.     From approximately November 27, 2018 until on or about March 2020, Plaintiff Marquez worked as a dishwasher, a food preparer, a busboy and cleaning service from approximately 12:00 p.m. until on or about 9:00 p.m. to 10:00 p.m., 6 days a week (typically 54 to 60 hours per week).

41.     From approximately March 2020 until on or about August 2020, Plaintiff Marquez worked as a dishwasher, a food preparer, a busboy and cleaning service from approximately 12:00 p.m. until on or about 8:00 p.m., 5 days a week (typically 40 hours per week).

42.     From approximately September 2020 until on or about November 2021, Plaintiff Marquez worked as a dishwasher, a food preparer, a busboy and cleaning service from approximately 12:00 p.m. until on or about 9:00 p.m. to 10:00 p.m., 6 days a week (typically 54 to 60 hours per week).

43.     From approximately November 2018 until on or about December 2019, Defendants paid Plaintiff Marquez her wages in a combination of check and cash.

44.     From approximately January 2020 until on or about November 2021, Defendants paid Plaintiff Marquez her wages by checks, which only reflected 40 hours worked.

45.     From approximately November 27, 2018 until on or about December 2018, Defendants paid Plaintiff Marquez $12.00 per hour for 40 hours worked.

46.     From approximately January 2019 until on or about approximately December 2019, Defendants paid Plaintiff Marquez $13.00 per hour for 40 hours worked.

47.     From approximately January 2020 until on or about November 6, 2021, Defendants paid Plaintiff Marquez $14.00 per hour for 40 hours worked.

48.     For approximately two weeks, Defendants did not pay Plaintiff Marquez any wages for her work.

49.     Plaintiff Marquez's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

50.     For example, Defendants required Plaintiff Marquez to work an additional 1 hour past her scheduled departure time once every two weeks, and did not pay her for the additional time she worked.

51.     Defendants never granted Plaintiff Marquez any breaks or meal periods of any kind.

52.     Although, Plaintiff Marquez was required to keep track of her time, the system was often malfunctioning, and did not accurately reflect her actual hours worked.

53.     In addition, in order to get paid, Plaintiff Marquez was required to sign a document in which Defendants misrepresented the hours that she worked per week.

54.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Marquez regarding overtime and wages under the FLSA and NYLL.

55.     Defendants did not provide Plaintiff Marquez an accurate statement of wages, as required by NYLL 195(3).

56.     Defendants did not give any notice to Plaintiff Marquez, in English and in Spanish (Plaintiff Marquez's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Rigoberto Galo Manueles*

57.     Plaintiff Galo was employed by Defendants from approximately 2015 until on or about November 6, 2021.

58.     Defendants employed Plaintiff Galo as a dishwasher, food preparer, and busboy.

59.     Plaintiff Galo regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

60.     Plaintiff Galo's work duties required neither discretion nor independent judgment.

61.     Throughout his employment with Defendants, Plaintiff Galo regularly worked in excess of 40 hours per week.

62.     From approximately 2016 until on or about March 2020, Plaintiff Galo worked as a dishwasher, a food preparer, a busboy and cleaning service from approximately 11:00 a.m. to 12:00 until on or about 10:00 p.m., 6 days a week  (typically 60  hours per week).

63.     From approximately March 2020 until on or about August 2020, Plaintiff Galo worked as a dishwasher, a food preparer, a busboy and cleaning service from approximately 1:00 p.m. to 2:00 p.m. until on or about 9:00 p.m., 6 days a week (typically 42 to 48 hours per week).

64.     From approximately August 2020 until on or about November 6, 2021, Plaintiff Galo worked as a dishwasher, a food preparer, a busboy and cleaning service from approximately 12:00 p.m. until on or about 9:00 p.m., 6 days a week and from approximately 12:00 p.m. until on or about 9:00 p.m., 5 days a week (typically 45 to 54 hours per week).

65.     Throughout his employment, Defendants paid Plaintiff Galo his wages in cash.

66.     From approximately 2016 until on or about December 2015, Defendants paid Plaintiff Galo a fixed salary of $500 per week.

67.     From approximately January 2016 until on or about December 2016, Defendants paid Plaintiff Galo a fixed salary of $550 per week.

68.     From approximately January 2017 until on or about November 6, 2021, Defendants paid Plaintiff Galo a fixed salary of $600 per week.

69.     For approximately a week and a half, Defendants did not pay Plaintiff Galo any wages for his work.

70. Plaintiff Galo's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

71. For example, Defendants required Plaintiff Galo to work an additional 1 hour past his scheduled departure time one day a week, and did not pay him for the additional time he worked.

72. Defendants never granted Plaintiff Galo any breaks or meal periods of any kind.

73. Nevertheless, Defendants deducted an hour from Plaintiff Galo's weekly payment for meals he never ate.

74. Although, Plaintiff Galo was required to keep track of his time, the system was often malfunctioning, and did not accurately reflect his actual hours worked.

75. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Galo regarding overtime and wages under the FLSA and NYLL.

76. Defendants did not provide Plaintiff Galo an accurate statement of wages, as required by NYLL 195(3).

77. Defendants did not give any notice to Plaintiff Galo, in English and in Spanish (Plaintiff Galo's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

78. Defendants required Plaintiff Galo to purchase "tools of the trade" with his own funds—including hardware tools.

*Defendants' General Employment Practices*

79. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

80.     Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

81.     Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

82.     Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

83.     Defendants' time keeping system did not reflect the actual hours that Plaintiff Marquez worked.

84.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

85.     Defendants required Plaintiffs to sign a document that reflected inaccurate or false hours worked. Defendants paid Plaintiffs their wages in a combination of check and cash.

86.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

87.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

88.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

89.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

90.     Defendants failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

91.     Defendants failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

92.     Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf

of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

93.     At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

94.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

95.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

96.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

97.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

98.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

99.     Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable

minimum hourly rate, in violation of 29 U.S.C. § 206(a).

100.     Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

101.     Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

102.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

103.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

104.     Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

105.     Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

106.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

107.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

108.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

109.     Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

110.     Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

111.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

112.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

113.     Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

114.     Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

115.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

116.     Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

117.     Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

118.     Plaintiffs were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

119.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

120.     Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

121.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

122.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

123.     With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and

basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

124.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

125.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

126.     Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

127.     Plaintiffs were damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

## OF THE NEW YORK LABOR LAW

128.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

129.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

130.     Defendants made unlawful deductions from Plaintiffs' wages including, but not limited to, deductions for meals they never ate.

131.     The deductions made from Plaintiffs' wages were not authorized or required by law.

132. Through their knowing and intentional efforts to take unauthorized deductions from Plaintiffs' wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

133. Plaintiffs were damaged in an amount to be determined at trial.

## TENTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

134. Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

135. Defendants did not pay Plaintiffs on a regular weekly basis, in violation of NYLL §191.

136. Defendants are liable to each Plaintiff in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(f)     Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(k)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiffs;

(l)     Awarding Plaintiff liquated damages in an amount equal to one hundred percent (100%) of the total amount of wages shown to be untimely, as well as reasonable attorneys' fees and costs, and pre-judgment and post-judgment interests pursuant to NYLL §191(1)(a), 198;

(m)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(n)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiffs;

(o)     Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(p)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(q)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(r)     Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(s)      Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(t)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(u)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York

Feburary11, 2022

CSM LEGAL, P.C

By: _____/s/ Catalina Sojo, Esq._____
Catalina Sojo [CS-5779517]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

60 E 42nd Street, Suite 4510                                                              Telephone: (212) 317-1200
New York, New York 10165                                                           Facsimile: (212) 317-1620

———————

catalina@csmlegal.com

November 29, 2021

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Natalia Marquez Cabrera

Legal Representative / Abogado:     CSM Legal, P.C.

Signature / Firma:                 Natalia Marquez

Date / Fecha:                      29 de noviembre de 2021

# CSM Legal, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

November 29, 2021

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                         Rigoberto Galo Manueles

Legal Representative / Abogado:        CSM Legal, P.C.

Signature / Firma:

Date / Fecha:                          29 de noviembre de 2021